UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELAWARE TRUST COMPANY n/k/a CSC DELAWARE TRUST COMPANY, as Trustee for the PT ATL SPV GRANTOR TRUST, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED:  2/5/2026 |

                           Plaintiff,

        -against-                                        26 Civ. 700 (AT)

SHERMAN HOLDINGS USA LLC; JACOB               **ORDER**
JACOBOWITZ; ENVIRONMENTAL CONTROL
BOARD OF THE CITY OF NEW YORK; and
"JOHN DOE #1" through "JOHN DOE #10," the
last ten names being fictitious and unknown to the
plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest or lien upon the
premises described in the complaint,

                           Defendants.

ANALISA TORRES, District Judge:

Delaware Trust Company (the "Trustee") has filed this action, acting on behalf of the PT ATL SPV Grantor Trust (the "Trust"), seeking foreclosure of a mortgage and other relief relating to two properties located in the Bronx, New York.  *See* Compl. ¶ 1, ECF No. 1.

It is an established principle of law that a federal court has an independent obligation to ensure that it has subject matter jurisdiction in every action.  *See Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003).  The complaint asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), and appears to reference § 1332(a)(4), because it states that the action is "between a citizen or subject of a foreign state . . . as plaintiff, and citizens of a State."  Compl. ¶ 16.  But because § 1332(a)(4) requires that the action be brought by "a foreign state," and neither the Trustee nor the Trust appear to be a foreign state, diversity jurisdiction may only exist under 28 U.S.C. § 1332(a)(1), (a)(2), or (a)(3).  *See* 28 U.S.C. § 1603(a) (defining "a foreign state").

The complaint states that Defendant Sherman Holdings USA, LLC ("Sherman") is a New York limited liability company but does not list Sherman's members and those members' citizenships.  Compl. ¶ 7.  This is insufficient.  To establish diversity jurisdiction, a complaint must allege the citizenship of natural persons who are members of a limited liability company, and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.  *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *see also Ergowerx Intern., LLC v. Maxwell Corp. of Am.*, 18 F. Supp. 3d 453, 454–55 (S.D.N.Y. 2014) (holding that, for jurisdiction to exist under § 1332(a)(2), "there must still be complete diversity between the parties"); 28 U.S.C. § 1332(a)(3) (recognizing diversity where a suit

is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties").

Accordingly, by **February 20, 2026**, the Trustee shall amend its pleading to allege the citizenship of each of Sherman's members.  If any member of Sherman is a citizen of Delaware, the Trustee shall also submit, by that **same date**, a letter on the docket explaining the basis for this Court's exercise of subject matter jurisdiction.  *See* Rule II(C), Individual Practices in Civil Cases.

SO ORDERED.

Dated: February 5, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2